**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-5021**

---

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

       v.

JOSE LUIS CORTES GONZALEZ, a/k/a Luis,

                 Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Glen E. Conrad, Chief District Judge. (5:07-cr-00063-GEC-JGW-4)

---

Submitted: June 14, 2013          Decided: June 25, 2013

---

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant. Jean Barrett Hudson, Assistant United States Attorney, Charlottesville, Virginia; Donald Ray Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Cortes Gonzalez ("Gonzalez") pled guilty to conspiracy to manufacture, distribute, and possess with intent to distribute more than five kilograms of cocaine, more than fifty grams of cocaine base, and more than fifty grams of methamphetamine, in violation of 21 U.S.C. § 846 (2006) (count one), and using and carrying a firearm during or in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) (count sixty-nine), and was sentenced to 120 months' imprisonment on count one and a consecutive term of sixty months' imprisonment on count sixty-nine. Gonzalez appealed, and we vacated his conviction and sentence on count sixty-nine, affirmed his conviction on count one, vacated his sentence on count one, and twice remanded for resentencing on that count.

On remand, the district court calculated Gonzalez' Guidelines range under the U.S. Sentencing Guidelines Manual ("USSG") at 120 to 135 months' imprisonment and sentenced Gonzalez to 120 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in imposing sentence. Gonzalez has filed two pro se supplemental briefs raising several issues. We affirm.

2

We review the sentence imposed by the district court for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2006)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Counsel and Gonzalez both question whether the district court erred in applying the two-level enhancement under USSG § 2D1.1(b)(1) and, if so, whether it properly declined to apply the "safety valve" provisions of USSG § 5C1.2 and 18 U.S.C. § 3553(e)-(f). Under USSG § 2D1.1(b)(1), a two-level increase in a defendant's offense level is warranted "[i]f a dangerous weapon (including a firearm) was possessed." The enhancement is proper when the weapon at issue "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted), even in the

3

absence of "proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (internal quotation marks omitted). The defendant bears the burden to show that a connection between his possession of a firearm and his narcotics offense is "clearly improbable." Id. at 852-53.

We conclude after review of the record that Gonzalez has not met this burden. Gonzalez admitted at the guilty plea hearing to participating in a conspiracy to distribute cocaine and that he possessed a firearm to protect himself from being robbed of drugs he was possessing and distributing as part of the conspiracy. At resentencing on remand, Gonzalez did not point to any evidence to suggest that the connection between the firearm and his narcotics offense was "clearly improbable," and this failing continues on appeal.

Next, because Gonzalez possessed a firearm in connection with his offense, the district court properly declined to apply the safety valve reduction. USSG § 5C1.2(a) (allowing application of the safety valve only if the defendant "did not use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense"). We thus discern no error in the district court's

4

enhancement of Gonzalez' offense level under USSG § 2D1.1(b)(1) and its decision not to apply the safety valve reduction.

Additionally, in accordance with Anders, we have reviewed the remainder of the record and the remainder of Gonzalez' pro se supplemental briefs and have found no meritorious issues for review. We therefore affirm the district court's amended judgment. This court requires that counsel inform Gonzalez, in writing, of the right to petition the Supreme Court of the United States for further review. If Gonzalez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gonzalez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED